JUAN RAMIREZ v. THE STATE.

No. 12064. Delivered December 12, 1928.

The opinion states the case.

No brief filed for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction is for selling intoxicating liquor; punishment one year in the penitentiary.

This record contains one bill of exception taken to the refusal of the court to sustain appellant's motion to quash the indictment. There are numerous grounds in the motion which are not deemed necessary to be set out in extenso. The indictment contained two counts, the first of which set out in approved form the selling of liquor by appellant to Ed. Metcalf; the second set out after the same fashion that appellant unlawfully possessed for the purpose of sale liquor capable of producing intoxication. None of the grounds of the motion are deemed tenable.

Four special charges were requested; one seeking a peremptory instruction of acquittal; one seeking to have the jury told that if the alleged purchaser acted together with another person at the time he purchased the liquor in question the jury should acquit; another presented in different language the same proposition as that last mentioned, and a fourth seeking to have the same question submitted in a negative form. We do not think the trial court in error in refusing said special charges.

The statement of facts is short. Ed Metcalf, the alleged purchaser of the liquor, testified that on the night of December 30th, 1927, in McCulloch County, Texas, he met appellant who asked him "How about a little whiskey?" Witness replied, "How much a pint?" Witness further testified that he told appellant he had no money but would go get some and would be right back. Witness further testified that he went later to where appellant was, told him he wanted a pint and paid appellant one dollar for said liquor. The witness further testified that appellant told him he came to Brady with seventy-five gallons of whisky and had only one gallon left, and pulled out a big roll of money and exhibited it to witness. On cross-examination it was developed that there was an agreement between this witness and the sheriff and a Mr. Murray that witness or Murray should go and buy a pint of whisky from appellant. The dollar that was paid for the liquor seems to have been furnished by the sheriff. The officer gave witness the said dollar and told him to get the whisky, which he did. We have no doubt of the sufficiency of the testimony to sustain the conviction. Murray was placed upon the stand also and testified that Metcalf had the money which was given him by the sheriff and that when the purchase was made from appellant Metcalf handed appellant the money and the whisky was handed Metcalf by the appellant.

No error appearing the judgment will be affirmed.

*Affirmed.*